

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| SUSAN SCHROM, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:04-21788-HFF |
| | § | |
| BUDGET RENT-A-CAR SYSTEM, INC. | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO
EXCLUDE PLAINTIFF'S EXPERT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I.     INTRODUCTION

This is a products liability action.  Plaintiff has asserted claims of strict liability, breach of

express warranty, breach of implied warranty of merchantability, breach of warranty of fitness for

a particular purpose, and negligence.  The Court has jurisdiction over the matter pursuant to 28

U.S.C. § 1332.

Pending before the Court are Defendant's Motion for the Exclusion of Expert David E.

Clement, Ph.D and Motion for Summary Judgment.  Having carefully considered the motions, the

response, the record, and the applicable law, it is the opinion of this Court that the motions will be

granted.

## II.     FACTUAL AND PROCEDURAL HISTORY

On November 24, 2001, Plaintiff was assisting her mother and other family members in unloading a moving truck leased by her mother from Defendant.  The first time she entered the truck, she entered from the rear, climbing up the right side of the rear of the truck, using a step and handrail attached to the bumper and side of the truck to assist her.  As furniture was unloaded, she realized that she was obstructing the unloading process and attempted to climb down from the truck on the left side.  The truck, however, was designed without either a step or handrail on the left.  Plaintiff fell and was severely injured.

Plaintiff filed the instant suit on August 5, 2004.  In support of her claims, she identified Dr. Clement as an expert in the field of human factors psychology.  In his opinion, Dr. Clement asserts that: the truck was designed unsafely, the design of the truck makes it unreasonably dangerous, a fall like Plaintiff's was foreseeable, Plaintiff's injuries were preventable, and the injuries would most likely not have occurred had the truck been equipped with a handrail on the left side.

## III.     CONTENTIONS OF THE PARTIES

Defendant argues that Dr. Clement's opinion should be excluded since the opinion was not based on sufficient facts or data, and that the testimony is not the product of reliable principles and methods pursuant to Rule 702 of the Federal Rules of Evidence and the *Daubert* line of cases.  It further contends that, without expert testimony to support Plaintiff's claims of liability, summary judgment is appropriate.

Plaintiff counters that Defendant misconstrues the requirements of Rule 702.  They also contend that, once Dr. Clement's opinions are admitted, summary judgment will be precluded.

2

## IV.     STANDARD OF REVIEW

### A.     Expert Testimony

The introduction of expert opinion testimony is governed by Federal Rule of Evidence 702. Rule 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Rule 702, trial judges act as gatekeepers to "ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). This "basic gatekeeping obligation" of the trial court previously identified in *Daubert* and now embraced by Rule 702 applies not only to "scientific" testimony, but to all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).[1]  Indeed, as the Supreme Court has explained, "no clear line" divides "'scientific' knowledge and 'technical' or 'other specialized' knowledge. Disciplines such as mechanical engineering rest upon scientific knowledge." *Id*. at 148.

The gatekeeping function, like other determinations of admissibility of evidence, requires the trial judge to exercise an informed and broad discretion. *See Cooper*, 259 F.3d at 199. The Court's role as a gatekeeper, however, does not replace the traditional adversary system and the place of the jury within the system. *See Daubert*, 509 U.S. at 596. As with all other admissible evidence, expert

---

[1]"Effective December 1, 2000, Rule 702 was amended to reflect the Supreme Court's . . . decisions in *Daubert* and *Kumho*." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 n.1 (4th Cir. 2001).

testimony is subject to being tested by "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Id.* at 596. Thus, the *Daubert* inquiry does not require consideration of whether the proffered testimony is correct or whether the proffered evidence is sufficient to allow a verdict in favor of the proponent. Instead, the focus must be on whether the testimony is reliable and can aid the ultimate trier of fact. As the Fourth Circuit has explained, "courts must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to be both powerful and quite misleading." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (quoting *Daubert*, 509 U.S. at 595). Indeed, because expert testimony can be very powerful, it is essential to ensure that only scientifically reliable methods are used to produce the opinions offered to a jury.

B.     *Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears this initial burden of informing the Court of the basis for its motions, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962)).

"Once the moving party carries its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set

4

forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  If an adverse party completely fails to make an offer of proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322-23.  Hence, the granting of summary judgment involves a three-tier analysis.  First, the Court determines whether a genuine issue actually exists so as to necessitate a trial.  Fed. R. Civ. P. 56(e).  An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  Second, the Court must ascertain whether that genuine issue pertains to material facts. Fed. R. Civ. P. 56(e).  The substantial law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248.  Third, assuming no genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed. R. Civ. P. 56(e).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327.  The primary issue is whether the material facts present a sufficient disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson*, 477 U.S. at 251-52.  The substantive law of the case identifies which facts are material. *Id*. at 248.  Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of summary judgment.

## V.     DISCUSSION

### A.     Expert Testimony

Under Rule 702, a two-step inquiry is relevant in cases such as this one: 1) whether the expert witness is qualified; and 2) if qualified, whether his opinion is reliable, in that it is based on sufficient facts and sound methodology. In the case at bar, Plaintiff argues that Plaintiff has offered the opinion of a well-respected and well-known expert, whose opinions have been admitted in courts of this and many other jurisdictions as they relate to the perceptions of people and the way that they respond to stimuli, emergencies, and other situations. Defendant, however, does not challenge Dr. Clement's qualifications. Therefore, the Court immediately turns to the reliability of Dr. Clement's opinion testimony in the case at bar.

In *Daubert*, the Supreme Court laid out five non-exhaustive factors that the Court may consider in determining whether to admit an expert opinion as reliable, to include: 1) whether a "theory or technique . . . can be (and has been) tested"; 2) whether it "has been subjected to peer review and publication"; 3) whether, in respect to a particular technique, there is a high "known or potential rate of error"; 4) whether there are "standards controlling the technique's operation"; and 5) whether the theory or technique enjoys "general acceptance" within a "relevant scientific community." *Kumho Tire*, 526 U.S. at 149 (quoting *Daubert*, 509 U.S. at 592-94). The *Daubert* factors "are meant to be helpful, not definitive," *id*. at 151, and "the court's evaluation is always a flexible one." *Oglesby v. General Motors Corp*., 190 F.3d 244, 250 (4th Cir.1999). Indeed, as the *Kumho* court noted, the factors do not all necessarily apply "even in every instance in which the reliability of scientific testimony is challenged." 526 U.S. at 149.

The inquiry underlying the *Daubert* factors involves not only whether the methodology that the expert used is generally accepted within the relevant scientific or professional community, but also whether it was reasonable for the expert to use that methodology to "draw a conclusion regarding the particular matter to which the expert testimony is directly relevant." *Id*. at 154. As the Fourth Circuit explained in *Oglesby*, "[a] reliable expert opinion must be based on scientific, technical or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." 190 F.3d at 250 (citing *Daubert*, 509 U.S. at 592-93). To qualify as "scientific knowledge," an inference or assertion must be derived by the scientific method. Proposed testimony must be supported by appropriate validation--i.e., "good grounds," based on what is known. *Daubert*, 509 U.S. at 590. "Scientific methodology today is based on generating hypotheses and testing them to see if they can be falsified. . . . The statements constituting a scientific explanation must be capable of empirical test." *Id*. at 593.

The Court will now consider each of the requirements of Rule 702 in turn:

*(1) whether the testimony is based upon sufficient facts or data*

Defendant maintains that Dr. Clement's testimony is not based upon sufficient facts or data and, thus, admission of his opinion testimony would be improper. The Court agrees.

Dr. Clement neither performed any tests on the subject vehicle nor took any measurements to support his conclusion that the lack of a handrail on the left side, coupled with the absence of an intermediate step on the left side of the truck, caused the truck to be defective. Dr. Clement also failed to take any measurements of Plaintiff nor did he access her physical capabilities in forming his opinions. Instead, his expert opinion is based upon the assumption that Plaintiff would have been

able to grab a handrail if there had been one.  Simply stated, Court cannot find a basis on which to find that admission of Dr. Clement's expert testimony would be appropriate.

*(2) whether the testimony is the product of reliable principles and methods*

Defendant next states that the Dr. Clement's opinions are not the product of reliable principles and methods.  The Court agrees.

When considering the reliability of an expert's opinion, the Court looks to the five *Daubert* factors set forth above for guidance.  In doing so, the Court finds 1) no evidence that Dr. Clement's theory or technique has been tested, 2) no evidence that his theory or technique has been subjected to peer review and publication, 3) no basis on which to judge whether, in respect to Dr. Clement's technique, there is a high known or potential rate of error, 4) no basis on which to judge whether there are standards controlling Dr. Clement's technique's operation; and 5) no basis on which to judge whether Dr. Clement's theory or technique enjoys general acceptance within a relevant scientific community.[2]

Although the factors considered above are non-exhaustive, the Court need not go any further in its analysis.  Simply put, it was not reasonable for Dr. Clement to draw the conclusions that he did based on the methodology that he employed.

*(3) whether the witness has applied the principles and methods reliably to the facts of the case*

In light of the proceeding discussion, consideration of this factor is inapplicable.

_____

[2]In relation to numbers two (2) through five (5), according to Dr. Clement's deposition testimony, he could cite to no violation of industry standards in regards to the design of the truck, he knew of no studies suggesting that the subject truck should or must have a second handrail on the left side of the truck, and he knew of no one else who had opined that the absence of a handrail on the left side of the subject truck caused it to be defective.

8

B.     *Summary Judgement*

Without expert testimony to establish that the truck was "in a defective condition, unreasonably dangerous to the user . . . .," *Bragg v. Hi Ranger Inc*., 319 S.C. 531, 539, 462 S.E.2d 321, 326 (Ct. App. 1995), Plaintiff will be unable to prove her claims. Thus, the Court will enter judgment accordingly.

## VI.     CONCLUSION

In light of the foregoing discussion and analysis, it is the judgment of this Court that Defendant's motion to exclude Dr. Clement's expert testimony must be **GRANTED**. Defendant's motion for summary judgment must also be **GRANTED**.

**IT IS SO ORDERED**.

Signed this 14th day of November, 2005, in Spartanburg, South Carolina.

/s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE